## IN THE U.S. DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL RESNICK, | : | CIVIL ACTION NO. 02-CV-04729-HB |
| Plaintiff, | : | |
| v. | : | |
| CHUBB CORPORATION, | : | |
| and | : | |
| PACIFIC INDEMNITY INSURANCE CO., INC., | : | |
| and | : | |
| FEDERAL INSURANCE COMPANY, | : | |
| Defendants. | : | |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION
### TO DISMISS OF DEFENDANT CHUBB CORPORATION

**I.      INTRODUCTION**

Plaintiff Joel Resnick owns two insurance policies that are the subject of this present lawsuit.  One policy is issued through Pacific Indemnity Company (incorrectly designated in the Complaint as Pacific Indemnity Insurance, Co., Inc.), (hereinafter, "Pacific"); the other policy is issued through Federal Insurance Company ("Federal").  Both of these companies have been properly joined as co-defendants in this action.[1]  However, Resnick also

---

[1]    The other defendants, Pacific Indemnity Company and Federal Insurance Company, have also moved to dismiss the Complaint in its entirety through a separate submission because the coverage Resnick seeks is excluded under a clear and unambiguous provision in the insurance policies.  To the extent applicable, the reasons for dismissal set forth in the motion to dismiss of Pacific Indemnity Company and Federal Insurance Company are incorporated herein by reference.

joined a third defendant in this suit, Chubb Corporation ("Chubb"), despite the fact that Chubb did not issue the insurance policies, did not participate in the related declination of coverage which is the subject of the Complaint, and does not have any other relationship with the insured involved in the case – nor does the Complaint allege any such connections.  In fact, beyond naming Chubb as a defendant, the Complaint never says another word about it.  The Complaint must therefore be dismissed as to Chubb on the basis of the most fundamental possible ground for dismissal: Resnick has literally failed to state a claim for relief against Chubb.  In essence, Chubb has been misjoined as a defendant.

## II.   STATEMENT OF ALLEGATIONS

Plaintiff Joel Resnick seeks coverage under two different insurance policies for losses he allegedly suffered as a result of an accident.  The two relevant insurance policies are: (1) Masterpiece Auto Preference Policy No. 111409330-02, issued by Federal, and (2) Masterpiece Excess Liability Policy No. 111409330-01, issued by Pacific.[2]  The Complaint is conspicuously devoid of any specific allegations involving Chubb, aside from ¶ 2, which introduces Chubb as a New Jersey corporation.  The Complaint alleges no connection between Chubb and either of the insurance policies, no role by Chubb in declining coverage, and no relationship of any kind between Chubb and Resnick.

Resnick pleads three separate counts.  Counts One and Three seek coverage under the subject insurance policies issued by the two other defendants.  Count Two alleges that the other defendants breached a fiduciary duty to Resnick by failing to explain to him certain portions of his policies when purchased.  Chubb is not even referred to in any of these allegations.

---

[2]   Copies of these policies are attached to the Complaint as Exhibit "E."

### III. ARGUMENT

#### A. Standard Of Review

All well-pleaded factual allegations in the Complaint are assumed to be true and are viewed in the light most favorable to the Plaintiff.  See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  A complaint should be dismissed pursuant to Rule 12(b)(6) only where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  See Hishon, 467 U.S. at 73.  In deciding this motion to dismiss, the Court may rely upon the allegations in the Complaint, those exhibits attached to the Complaint, and matters of public record.  See Pension Guaranty Corp. v. White Consolidated Industries, 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994).

#### B. Plaintiff Fails to State Any Claim For Relief Against Defendant Chubb Corporation By Failing To Allege Any Wrongdoing by Chubb Corporation.

It is hornbook law that, to survive a motion to dismiss, a complaint must state a valid cause of action against all defendants.  See, e.g., 2 *Moore's Federal Practice* § 12.34[1][b] (3d ed. 2002).  Testing this standard is the entire premise of a motion to dismiss, and although the Federal Rules of Civil Procedure allow for a liberal pleading standard, a plaintiff is still required to state a factual predicate concrete enough to warrant further proceedings as to each defendant.  See Conley v. Gibson, 355 U.S. 41, 47 (1957); Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir. 1993) (the court's "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it for her"); 2 *Moore's Federal Practice* § 12.34[1][b].  In short, to state a claim upon which relief may be granted, a plaintiff must at least

allege that *each* defendant's conduct satisfied *all* elements to the causes of action brought against that defendant.

Here, Resnick alleges *no* conduct by Chubb that fulfills *any* of the elements of the causes of action brought against it. Chubb has been drawn into this lawsuit on the basis of three unremarkable allegations, none of which give rise to a cause of action on the part of Resnick: (a) that Chubb is a New Jersey corporation involved in the business of insurance (Complaint at ¶ 2); (b) that Pacific, the issuer of one of the subject insurance policies at issue, is a wholly owned subsidiary of Chubb (id. at ¶ 3); and, (c) that Federal, the issuer of the other subject insurance policy at issue, is also a wholly owned subsidiary of Chubb (id. at ¶ 4). Even if Resnick had succeeded in alleging viable causes of action against Pacific and Federal, his Complaint would still fall short of setting forth any basis for holding Chubb responsible for the alleged actions of those separate corporations.

Resnick has cast his net too widely. The Federal Rules of Civil Procedure require that a plaintiff state a valid claim against each defendant. While Resnick includes Pacific and Federal, which are the proper targets of his claim, he overreaches and misjoins Chubb as a third defendant. The lack of merit for Resnick's claims against Pacific and Federal are discussed in a separate motion; here, Chubb simply demands that it be released from a case in which the Complaint on its face reveals Chubb's lack of involvement in the complained-of conduct.

## IV. CONCLUSION

For all of the foregoing reasons, Defendant Chubb Corporation respectfully requests that Plaintiff's Complaint be dismissed as to it in its entirety.

                                    Respectfully submitted,

                                    Craig R. Blackman, Esquire
                                    Thomas W. Dymek, Esquire
                                    STRADLEY RONON STEVENS & YOUNG, LLP
                                    2600 One Commerce Square
                                    Philadelphia, PA  19103-7098
                                    (215) 564-8000
                                    Attorneys For Defendant
                                    Chubb Corporation

Dated:  August 26, 2002

## **CERTIFICATE OF SERVICE**

I, Thomas W. Dymek, hereby certify that on this 26th day of August, 2002, a true and correct copy of the foregoing was served, via U.S. first-class mail, postage prepaid, upon the following:

>David E. Jokelson, Esquire
>Neil E. Jokelson & Associates, P.C.
>18th Floor
>230 South Broad Street
>Philadelphia, PA  19102

_____
Thomas W. Dymek

IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JOEL RESNICK, | : CIVIL ACTION NO. 02-CV-04729-HB |
| Plaintiff, | : |
| v. | : |
| CHUBB CORPORATION, | : |
| and | : |
| PACIFIC INDEMNITY INSURANCE CO., INC., | : |
| and | : |
| FEDERAL INSURANCE COMPANY, | : |
| Defendants. | : |

_____

**ORDER**

AND NOW, this         day of                    , 2002, upon consideration of the Motion to Dismiss of Defendant Chubb Corporation, and any response thereto, it is hereby ORDERED and DECREED that said motion is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE in its entirety as to this Defendant.

_____
                                                                                                    J.

Doc. #602147v.1

IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL RESNICK, | : CIVIL ACTION NO. 02-CV-04729-HB |
| Plaintiff, | : |
| v. | : |
| CHUBB CORPORATION, | : |
| and | : |
| PACIFIC INDEMNITY INSURANCE CO., INC., | : |
| and | : |
| FEDERAL INSURANCE COMPANY, | : |
| Defendants. | : |

**MOTION TO DISMISS OF DEFENDANT CHUBB CORPORATION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Chubb Corporation hereby moves to dismiss the Complaint of Plaintiff Joel Resnick in its entirety for

- 2 -

the reasons set forth in the attached Memorandum of Law, which is incorporated herein by reference.

          Respectfully submitted,

_____
Craig R. Blackman, Esquire
Thomas W. Dymek, Esquire
STRADLEY RONON STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
(215) 564-8000
Attorneys For Defendant
Chubb Corporation

Dated:  August 26, 2002