**IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOEL RESNICK, | : CIVIL ACTION NO. 02-CV-04729-HB |
| Plaintiff, | : |
| v. | : |
| CHUBB CORPORATION, | : |
| and | : |
| PACIFIC INDEMNITY INSURANCE CO., INC., | : |
| and | : |
| FEDERAL INSURANCE COMPANY, | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
OF DEFENDANTS PACIFIC INDEMNITY COMPANY
AND FEDERAL INSURANCE COMPANY**

**I.      INTRODUCTION**

More than two years ago, Plaintiff, Joel Resnick, was injured in an automobile accident in Brazilia, Brazil, while riding in a taxi cab. The accident was caused by the negligence of the driver of the taxi, who was allegedly uninsured. Resnick now seeks to recover from Defendants through Pacific Indemnity Company (incorrectly designated in the Complaint as Pacific Indemnity Insurance, Co., Inc.), (hereinafter, "Pacific") and Federal Insurance Company ("Federal") for the losses he suffered in that accident.[1]

---

[1] The remaining defendant, Chubb Corporation, has also moved to dismiss the Complaint in its entirety through a separate motion.

Resnick recites three counts in his Complaint, but all three counts fail, as a matter of law, due to one simple exclusion contained in the applicable insurance policies. That exclusion, set forth in such clear and unambiguous language as to require no further explanation on the part of the insurers, provides that the policies do not apply to any losses occurring anywhere outside the United States of America, its territories or possessions, Puerto Rico or Canada.

## II.    STATEMENT OF ALLEGATIONS

Plaintiff Joel Resnick works for a company that requires him to travel to Brazil between nine and ten times each year to visit the company's offices in Sao Paulo, Brazil. (Complaint at ¶ 8.) On January 18, 2000,[2] while presumably on such a business trip, Resnick got into an uninsured[3] taxi cab in Brazilia, Brazil. (Id. at ¶ 9.) Shortly after entering the taxi, it was involved in an accident which Resnick alleges was solely due to the negligence of the driver. (Id. at ¶ 13.) Resnick suffered serious injuries as a result of this accident. (Id. at ¶ 15.)

At the time of the accident, Resnick was insured under two relevant insurance policies: (1) Masterpiece Auto Preference Policy No. 111409330-02, issued by Federal, and (2) Masterpiece Excess Liability Policy No. 111409330-01, issued through Pacific.[4] (Id. at ¶ 7.)

---

[2]   Resnick filed this lawsuit on July 17, 2002, which is more than two years since the accident occurred. Because the Brazilian statute of limitations for actions alleging personal injury is two years, Resnick has failed to preserve the subrogation rights of the insurers. See Código Civil, art. 161-179; Código Comercial, art. 441-456. Although not a proper ground for disposition at this preliminary stage, the insurers intend to revisit this failure to preserve their right to subrogation as an independent reason for judgment in their favor, if it becomes necessary to do so.

[3]   Resnick makes the bare allegation, qualified as being made upon information and belief, that the driver of the taxi cab was uninsured. (See Complaint at ¶ 11.) While this allegation must be accepted as true for purposes of this Motion to Dismiss, Defendants note that proving the taxi driver's uninsured status is a prerequisite element under the policies to Resnick's claim. There exist serious questions as to whether Resnick can carry this burden, which will be raised before the Court, if necessary, at the appropriate time.

[4]   Certified copies of these policies are attached to the Complaint as Exhibit "E."

Resnick seeks coverage under these policies for his losses resulting from the accident which took place in Brazil. (Id. at ¶¶ 26, 32.)[5]  The policies' contain, *inter alia*, the following exclusion:

> This coverage applies to a loss occurring anywhere in the United States of America, its territories or possessions, Puerto Rico or Canada, including a loss to or accidents involving a covered vehicle while being transported between the above-listed locations.

(See Exhibit "E" to the Complaint at P-1; see also Complaint at ¶ 21.)

In his Complaint, Resnick advances three separate counts: (1) a prayer for a declaration that Resnick is covered under the two subject insurance policies for his losses resulting from the accident in Brazil; (2) a claim for breach of fiduciary duty, claiming the insurers should have explained the policies to him; and, (3) a breach of contract claim, alleging that the insurers should have covered Resnick's losses resulting from the accident in Brazil. Upon examination of the Complaint's allegations, its attached exhibits, and controlling law,[6] none of these claims can prevail, as a matter of law.

---

[5] Paragraph 26 of the Complaint refers to coverage arising from the "policies of insurance attached as Exhibits A and B" to the Complaint. This appears to be a simple error, as Exhibits "A" and "B" to the Complaint are letters written by Resnick's counsel. The Complaint, however, additionally recites that certified copies of the applicable insurance policies are attached as Exhibit "E" to the Complaint. These are the applicable policies, and are the policies analyzed by this motion.

[6] The Court may question which state's substantive law applies to this case because Resnick states that he is a citizen of Kansas, and apparently obtained the subject insurance policies while residing there. (Complaint at ¶ 1.) To resolve such a question, a federal court sitting in diversity jurisdiction, as here (see id. at ¶ 6), applies the choice of law principles of the forum state. See Krutiz v. Okuma Mach. Tool, Inc., 40 F.3d 52, 55 (3d Cir. 1994). Under Pennsylvania law, where the laws of the competing states do not substantively differ, the forum law must be applied. See, e.g., Ratti v. Wheeling Pittsburgh Steel Corp., 758 A.2d 695 (Pa. Super. 2000); see also LeJeune v. Bliss-Salem, Inc., 85 F.3d 1069, 1071 (3d Cir. 1996). Moreover, if the law of a sister state is unknown or unclear, it is presumed to be the same as that of Pennsylvania. See In re Trust of Pennington, 219 A.2d 353, 356 (Pa. 1966); see also Melville v. American Home Assurance Co., 584 F.2d 1306, 1308 (3d Cir. 1978). In this case, Kansas law agrees with Pennsylvania law as to the issues presented (and to the extent that this Court may find otherwise, Kansas law is silent), so this Court must apply Pennsylvania law.

**III.   ARGUMENT**

    **A.   Standard Of Review**

All well-pleaded factual allegations in the Complaint are assumed to be true and are viewed in the light most favorable to the Plaintiff.  See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  A complaint should be dismissed pursuant to Rule 12(b)(6) only where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  See Hishon, 467 U.S. at 73.  In deciding this motion to dismiss, the Court may rely upon the allegations in the Complaint, those exhibits attached to the Complaint, and matters of public record.  See Pension Guaranty Corp. v. White Consolidated Industries, 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994).

    **B.   Counts One and Three Fail to State A Claim Upon Which Relief May Be Granted As To Defendants Federal And Pacific.**

Counts One and Three of the Complaint both seek a determination that the subject insurance policies cover Resnick's accident in Brazil.  However, as explained below, neither policy provides coverage for the alleged injuries because both unambiguously limit their coverage to losses occurring in the United States of America, its territories or possessions, Puerto Rico or Canada.

        **1.   The Masterpiece Auto Preference Policy Issued by Federal Excludes Accidents Occurring Outside the United States of America, its Territories or Possessions, Puerto Rico or Canada.**

The Auto Preference Policy, a copy of which is attached to the Complaint and the terms of which Resnick does not contest, contains "Uninsured/Underinsured Motorists Protection" coverage.  This uninsured motorist protection, however, is limited to losses "occurring anywhere in the United States of America, its territories or possessions, Puerto Rico

or Canada . . . ." (See Exhibit "E" to the Complaint at P-1.)  Where a policy provision is clear and unambiguous, such as the exclusion at issue here, it is the function of the Court to apply that language, giving full effect to its terms.  See, e.g., Standard Venetian Blind Co. v. American Empire Insurance Co., 469 A.2d 563, 566 (Pa. 1983) (citing Pennsylvania Manufacturers Ass'n Insurance Co. v. Aetna Casualty & Surety Insurance Co., 233 A.2d 548 (Pa. 1967)); see also, e.g., Liggatt v. Employers Mutual Casualty Company, 46 P.3d 1120, 1127 (Kan. 2002); State Farm Fire and Casualty Company v. Martinez, 995 P.2d 890, 892-93 (Kan. App. 2000).

In light of this geographical exclusion present in the Auto Preference Policy, it is apparent from the face of the Complaint that Resnick is not entitled to coverage under that policy.  Resnick admits that the accident for which he seeks insurance coverage occurred in Brazilia, Brazil.  (Complaint at ¶ 9.)  If it is even necessary to do so, this Court may surely take judicial notice that Brazilia, Brazil, is not located in "the United States of America, its territories or possessions, Puerto Rico or Canada."  Consequently, Resnick cannot prevail, as a matter of law, on Counts One and Three of his Complaint for coverage under the Auto Preference Policy because the accident for which he seeks coverage is clearly excluded by the express and unambiguous terms of that policy.

> **2. The Masterpiece Excess Liability Policy Issued by Pacific Adopts the Terms, Conditions, and Exclusions of the Underlying Masterpiece Auto Preference Policy.**

The Masterpiece Excess Liability Policy also covers Resnick in the event of losses occurring from uninsured or underinsured motorists.  This excess coverage, however, is "follow form."  As defined by that policy, "follow form" means that the insurer will only cover damages "to the extent [such damages] are both covered under the Required Primary Underlying Insurance and not excluded under this part of your Masterpiece Policy."  (Exhibit "E" at W-3.)  Here, the underlying primary insurance is the Auto Preference Policy discussed above, which

restricts it coverage to losses in "the United States of America, its territories or possessions, Puerto Rico or Canada." Because Resnick's claim for coverage under the excess policy must, as a prerequisite, first qualify for coverage under the Auto Preference Policy, this claim for coverage under the Excess Liability Policy must also fail as a matter of law for the same reasons that Resnick's coverage claim under the Auto Preference Policy fails.

    **C.    Count Two Fails To State A Claim Upon Which Relief May Be Granted As To Defendants Federal And Pacific.**

In the sole remaining Count of his Complaint, Resnick claims that the insurers breached some fiduciary duty that they purportedly owed Resnick by failing to explain to him that the policies' clear and unambiguous exclusions of losses occurring outside the United States of America, its territories or possessions, Puerto Rico or Canada means that an accident in Brazilia, Brazil, is not covered under either policy. (See Complaint at ¶ 29.) This Count fails as a matter of law because the Defendants were not under any legal obligation to explain the clear and unambiguous language of the applicable exclusion to him.

It has long been settled law that an insurer need not explain clearly-worded policy language to insureds. See, e.g., Hess v. Allstate Insurance Co., 614 F.Supp. 481, 487 (W.D.Pa. 1985); Antanovich v. Allstate Insurance Co., 488 A.2d 571, 575 (Pa. 1985); see also, e.g., Liggatt, 46 P.3d at 1125. Moreover, an insured may not try to circumvent the clear and unambiguous language of its insurance policy by claiming that it was unaware of, did not understand, or did not have explained to it the particular language. See, e.g., Standard Venetian Blind, 469 A.2d at 566-67. In short, "the relative knowledge and understanding of the insured is no longer relevant, provided that the exclusion is clear and conspicuous." Hess, 614 F.Supp. at 485 (discussing Standard Venetian Blind).

Baseless claims of a breach of fiduciary duty do nothing to avoid this basic rule of law. The recent case of Hartford Fire Insurance Company v. WSR Corporation, No. Civ. A. 99-6120, 2000 WL 974328 (E.D.Pa. July 14, 2000) is instructive on this point. There, an insured suffered losses to a property situated in a flood zone that was excluded from policy coverage. Id. at *1-*2. The insured denied coverage based on the geographical flood zone exclusion. Id. at *2. Among other arguments, the insured claimed that the insurer owed a fiduciary duty to explain to the insured which of its properties fit within the geographic exclusion. Id. at *5. The court flatly rejected this argument, holding that:

> there is no justification in the law to impose the additional burden on insurers that they anticipate and then counsel their insureds on the hypothetical, collateral consequences of the coverage chosen by the insured. The basic contractual nature of insurance coverage . . . requires fair dealing and good faith on the part of the insurer, not hand holding and substituted judgment.

Id. at *5 (citing Treski v. Kemper National Insurance Companies, 674 A.2d 1106, 1114 (Pa. Super. 1996) (internal quotation marks omitted)); see Hess, 614 F.Supp. at 487 (rejecting plaintiff's argument that insurer had some fiduciary duty to explain "clearly worded and unambiguous" policy limitation); Lazovick v. Sun Life Insurance Company of America, 586 F.Supp. 918, 924 (E.D.Pa. 1984) (holding insurer did not breach a fiduciary duty in not explaining a particularly important, but unambiguous, provision of insurance policy); see also Bichelmeyer Meats v. Atlantic Insurance Company, 42 P.3d 1191, 1196 (Kan. App. 2001).

Similarly, here, Resnick seeks to avoid a clearly worded geographical limitation in his own insurance policies by arguing that the insurers had a fiduciary duty to counsel him that he would not be covered for losses from uninsured taxi cabs while traveling abroad in Brazilia, Brazil, despite the clear language of the policies limiting their coverage to the United States of America, its territories or possessions, Puerto Rico or Canada. In short, Resnick expects much

more than the law requires.  See Hartford, 2000 WL 974328, at *5.  Consequently, his claim for breach of fiduciary duty fails as a matter of law.

## IV.   CONCLUSION

For all of the foregoing reasons, Defendants Pacific Indemnity Company (incorrectly designated in Plaintiff's Complaint as Pacific Indemnity Insurance, Co., Inc.) and Federal Insurance Company respectfully request that Plaintiff's Complaint be dismissed as to them in its entirety.

Respectfully submitted,

_____
Craig R. Blackman, Esquire
Thomas W. Dymek, Esquire
STRADLEY RONON STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
(215) 564-8000

Attorneys For Defendants
Federal Insurance Company and
Pacific Indemnity Company (incorrectly designated in Plaintiff's Complaint as Pacific Indemnity Insurance, Co., Inc.)

Dated:  August 26, 2002

**CERTIFICATE OF SERVICE**

I, Thomas W. Dymek, hereby certify that on this 26th day of August, 2002, a true and correct copy of the foregoing was served, via U.S. first-class mail, postage prepaid, upon the following:

> David E. Jokelson, Esquire
> Neil E. Jokelson & Associates, P.C.
> 18th Floor
> 230 South Broad Street
> Philadelphia, PA  19102

_____
Thomas W. Dymek

IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JOEL RESNICK, | : CIVIL ACTION NO. 02-CV-04729-HB |
| Plaintiff, | : |
| v. | : |
| CHUBB CORPORATION, | : |
| and | : |
| PACIFIC INDEMNITY INSURANCE CO., INC., | : |
| and | : |
| FEDERAL INSURANCE COMPANY, | : |
| Defendants. | : |

_____

**ORDER**

AND NOW, this _____ day of _____, 2002, upon consideration of the Motion to Dismiss of Defendants Pacific Indemnity Company (incorrectly designated in Plaintiff's Complaint as Pacific Indemnity Insurance, Co., Inc.) and Federal Insurance Company, and any response thereto, it is hereby ORDERED and DECREED that said motion is GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE in its entirety as to these Defendants.

_____
                                                                                                              J.

Doc. #602143v.1

## IN THE U.S. DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JOEL RESNICK, : | CIVIL ACTION NO.  02-CV-04729-HB |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| CHUBB CORPORATION, : | |
| : | |
| and : | |
| : | |
| PACIFIC INDEMNITY INSURANCE : | |
| CO., INC., : | |
| : | |
| and : | |
| : | |
| FEDERAL INSURANCE COMPANY, : | |
| : | |
| Defendants. : | |
| : | |

_____

**MOTION TO DISMISS
OF DEFENDANTS PACIFIC INDEMNITY COMPANY
AND FEDERAL INSURANCE COMPANY**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Pacific

Indemnity Company (incorrectly designated in Plaintiff's Complaint as Pacific Indemnity

Insurance, Co., Inc.) and Federal Insurance Company hereby move to dismiss the

Complaint of Plaintiff, Joel Resnick, in its entirety for the reasons set forth in the attached Memorandum of Law, which is incorporated herein by reference.

                          Respectfully submitted,

                          _____

                          Craig R. Blackman, Esquire
                          Thomas W. Dymek, Esquire
                          STRADLEY RONON STEVENS & YOUNG, LLP
                          2600 One Commerce Square
                          Philadelphia, PA  19103-7098
                          (215) 564-8000

                          Attorneys For Defendants
                          Federal Insurance Company and
                          Pacific Indemnity Company (incorrectly designated
                          in Plaintiff's Complaint as Pacific Indemnity
                          Insurance, Co., Inc.)

Dated:  August 26, 2002