UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL RESNICK : | |
| : | |
| vs.   : | CIVIL ACTION NO.: 02 CV 04729 |
| : | |
| CHUBB CORPORATION, et al. : | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT CHUBB CORPORATION'S MOTION TO DISMISS**

Defendant Chubb Corporation has filed a Motion to Dismiss which contains no numbered paragraphs or substantive argument but rather incorporates its Memorandum of Law which contains its substantive argument. Plaintiff accordingly responds in the attached Memorandum of Law and asks that Defendant's Motion be denied.

 

NEIL E. JOKELSON & ASSOCIATES,. P.C.

BY:_____
    NEIL E. JOKELSON, ESQUIRE
    I.D. No. 02486
    DAVID E. JOKELSON, ESQUIRE
    I.D. No. 73734
    DEREK E. JOKELSON, ESQUIRE
    I.D. No. 81047

    Neil E. Jokelson & Associates, P.C.
    18th Flr., 230 South Broad Street
    Philadelphia, PA 19102
    (215) 735-7556
    Attorneys for plaintiffs

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL RESNICK | : | |
| | : | |
| vs. | : | CIVIL ACTION NO.: 02 CV 04729 |
| | : | |
| CHUBB CORPORATION, et al. | : | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT CHUBB CORPORATION'S MOTION TO DISMISS**

Defendant Chubb Corporation ("Chubb") filed a Motion to Dismiss this action on the basis that plaintiff has not alleged anything in his Complaint concerning Chubb other than identifying Chubb in the caption and as a party.[1] Defendant's assertion is plainly wrong. The plaintiff avers, upon information and belief, that the Chubb "controlled and directed" the actions of the other defendants, acted as the authorized agent of the other defendants, and that the defendants have common and/or joint operations, operate collectively and administer claims collectively, along with other entities, under the trade name "The Chubb Group of Insurance Companies" and/or "Chubb". For the forgoing reasons, Plaintiff requests that this Motion be denied.

**I.      STANDARD FOR DECIDING A MOTION TO DISMISS:**

---

[1] The other defendant's, Federal Insurance and Pacific Insurance, have also filed a joint Motion to Dismiss on the basis that their policies of insurance do not provide coverage. This Motion is answered separately and is being filed concurrently with this Response.

Federal Court is a Notice Pleading Jurisdiction. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 122 S. Ct. 992, 998 (2002) ("Federal Rule of Civil Procedure 8(a)(2) .... provides that a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' This simplified notice pleading standard ... applies to all civil actions, with limited exceptions."). In deciding a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6):

> All well-pleaded factual allegations in the complaint are assumed to be true and are viewed in the light most favorable to the non-movant. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984). We draw any reasonable inferences from the allegations in plaintiff's favor. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 (3d Cir. 1994). A complaint should be dismissed only when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon*, 467 U.S. at 73.

<u>Katz v. Food Sciences Corp.</u>, 2000 U.S. Dist. LEXIS 12353, *2 (E.D.Pa. 2000) (Bartle, J.). The court should look to the allegations in the Complaint as well as the content of the attached exhibits. <u>Id.</u>

## II.  FACTS PLED IN THE COMPLAINT

The Defendant argues in its Motion to Dismiss that Plaintiff has a defective pleading because "beyond naming Chubb as a defendant, the Complaint never says another word about it." Chubb's Memorandum at 2. Chubb's contention is plainly contradicted by the Complaint which avers that Chubb controls and directs the action of the other defendants, is the authorized or apparent agent of the other defendants or alternatively, that the other defendants are Chubb's authorized agents, and that all of the defendants have "common and/or joint operations, operate collectively and administer claims collectively." Specifically, the Complaint makes the following allegations in relevant part:

2. Defendant the Chubb Corporation is a New Jersey corporation involved in the business of insurance with a principal business address of 15 Mountain View Road, Warren, New Jersey 07059. Upon information and belief, the Chubb Corporation services the Chubb Group of Insurance Companies in each individual state including Pennsylvania. Moreover, Upon information and belief, the Chubb corporation does business as "Chubb" and controls and directs the actions of the other defendants in this case. Upon further information and belief, the Chubb Corporation is a registered foreign corporation in Pennsylvania.

3. Upon information and belief, Defendant Pacific Indemnity Insurance, Co., Inc. (hereinafter referred to as "Pacific") is a Wisconsin corporation involved in the business of insurance and is a wholly owned subsidiary of the Chubb Corporation ...

4. Upon information and belief, at all relevant times hereto, Defendant Pacific was acting as the authorized and/or apparent agent of the Chubb Corporation d/b/a "Chubb." Alternatively, Upon information and belief, at all relevant times hereto, the Chubb Corporation d/b/a "Chubb" was acting as the authorized and/or apparent agent of Defendant Pacific.

5. Upon information and belief, Federal Insurance Company (hereinafter referred to as "Federal") is an Indiana corporation involved in the business of insurance and is a wholly owned subsidiary of the Chubb Corporation ...

6. Upon information and belief, at all relevant times hereto, Defendant Federal was acting as the authorized and/or apparent agent of the Chubb Corporation d/b/a "Chubb." Alternatively, Upon information and belief, at all relevant times hereto, the Chubb Corporation d/b/a "Chubb" was acting as the authorized and/or apparent agent of Defendant Federal.

7. Upon information and belief, the defendants have common and/or joint operations, operate collectively and administer claims collectively, along with other entities, under the trade name "The Chubb Group of Insurance Companies" and/or "Chubb". ...

The remainder of the Complaint contains allegations against "the defendants" collectively.

All correspondence from the defendants are on letterhead which states "Chubb" and "Chubb Group of Insurance Companies." See Exhibits "C" and "E" to the Complaint. The letters are signed by

Mary Ellen Brooks, a "Multinational Claims Specialist" with an email address of mebrooks@chubb.com. Id.

The insurance policies attached to those letters from Ms. Brooks bear the word "Chubb" on the top of each page. Indeed, "Chubb" pervades the insurance policy. For instance, the premium summary attached in Exhibit "E" to the Complaint, states, in relevant part:

> We are pleased to enclose your Chubb Masterpiece Policy
>
> \*\*\*
>
> The policy premium ... reflects a 10% credit for insuring your valuable articles through Chubb.
>
> Since 1882, personal service and comprehensive coverages have been the hallmarks of the Chubb Group of Insurance Companies.
>
> Thank you for insuring through Chubb.

See Third page of Exhibit "E" to the Complaint at Premium Summary Renewal form.

### III.   ARGUMENT

The allegations in Plaintiff's Complaint must be taken as true for purposes of a Motion to Dismiss. Defendant, however, argues that it did not have any relationship with plaintiff, issue the insurance policies and "did not participate in the declination of coverage which is the subject of the complaint." Chubb's Memorandum at 2. These factual averments are not contained in any pleading. To the contrary, plaintiff avers that Chubb controlled the other defendants who were their agents. Moreover, Plaintiff has never had the opportunity to conduct any discovery.[2] A nearly identical

---

[2] Plaintiff has already issued discovery to the defendants asking them for information concerning, *inter alia*, their policies and procedures, relationship to plaintiff, and as well as the defendants structure and interrelationships. The defense has refused to answer this discovery on the basis that there has been no Rule 26(f) conference amongst counsel which is a prerequisite under the Rules to initiating discovery. Plaintiff has also attempted to initiate a 26(f) conference

Motion was presented to Judge Newcomer who denied Chubb's Motion as follows:

> Defendant Chubb [Corporation ("Chubb")] moves to dismiss plaintiff's claims against it on the grounds that Chubb is a holding company, is not licensed to engage in the business of insurance in any state or jurisdiction, and did not issue the policy under which plaintiff now sues. In support of these allegations, Chubb submits the affidavit of its Vice President and Secretary. Plaintiff argues in response that under an alter ego theory Chubb could be held liable for the acts of its wholly owned subsidiary, Federal, and that in any event it must be afforded the opportunity to conduct discovery in order to present all material pertinent to a summary judgment motion.
>
> This Court must agree with plaintiff. As Chubb has submitted and this Court has taken into consideration the affidavit mentioned above, the instant Motion must then be converted into a Motion for Summary Judgment. According to Fed. R. Civ. P. 12(b), in such an event the Court must afford the parties reasonable opportunity to present all materials pertinent to a Rule 56 motion. Plaintiff argues, and this Court agrees, that plaintiff has not been afforded such an opportunity. Accordingly, Chubb's Motion will be denied at this time without prejudice to its ability to file a motion for summary judgment at the proper time. With respect to Count II of plaintiff's Complaint, however, Chubb's Motion will be granted for the reasons stated above with respect to Federal's Motion.

<u>Electrographics Int'l Corp. v. Federal Ins. Co.</u>, 1998 U.S. Dist. LEXIS 14685 (E.D. Pa. 1998)

<u>Vacated in part on other grounds and dismissed in part on other grounds</u>, 1998 U.S. Dist. LEXIS 22702 (E.D. Pa. 1998) <u>Aff'd without opinion</u>, 203 F.3d 816 (3d Cir. 1999).

Plaintiff should be able to conduct discovery into the true nature of the relationships between

---

with counsel for the defense who has, so far, refused to participate until after the Motion to Dismiss is decided. Plaintiff intends on filing a Motion to Compel attendance at a Rule 26(f) Conference and to Compel Discovery in the near future if this problem cannot be resolved amongst counsel.

the parties in order to support its claims against the Chubb Corporation. Accordingly, Chubb's Motion should be denied.

                    NEIL E. JOKELSON & ASSOCIATES,. P.C.

    BY:_____
        NEIL E. JOKELSON, ESQUIRE
        I.D. No. 02486
        DAVID E. JOKELSON, ESQUIRE
        I.D. No. 73734
        DEREK E. JOKELSON, ESQUIRE
        I.D. No. 81047

        Neil E. Jokelson & Associates, P.C.
        18th Flr., 230 South Broad Street
        Philadelphia, PA 19102
        (215) 735-7556
        Attorneys for plaintiffs