IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOEL RESNICK, | : CIVIL ACTION NO. 02-CV-04729-HB |
| Plaintiff, | : |
| v. | : |
| CHUBB CORPORATION, | : |
| and | : |
| PACIFIC INDEMNITY INSURANCE CO., INC., | : |
| and | : |
| FEDERAL INSURANCE COMPANY, | : |
| Defendants. | : |

**REPLY MEMORANDUM OF PACIFIC INDEMNITY
COMPANY IN SUPPORT OF ITS MOTION TO DISMISS[1]**

In response to the Motion to Dismiss of Federal Insurance Company and Pacific Indemnity Company, incorrectly identified in Plaintiff's Complaint as Pacific Indemnity Insurance Company, Inc., ("Pacific"), Plaintiff now concedes that it has no cause of action against Federal Insurance Company, and that it has no cause of action for breach of fiduciary duty. Plaintiff, however, continues to contend that it has a breach of contract claim against Pacific for which it seeks declaratory relief.

First, Plaintiff argues (contrary to the plan and clear language of the policy) that the Pacific Policy provides coverage for the injuries allegedly sustained by Plaintiff, and that no

---

[1] Given the Plaintiff's concession that it has no claim against Federal Insurance Company and that Federal Insurance Company ought to be dismissed from this action, Federal Insurance Company takes no part in this Reply brief.

Doc. #614072v.1

exclusion or limitation applies to defeat coverage.  Second, Plaintiff urges the Court to hold that the plain and unambiguous language of Pacific's Policy should be read as violating allegedly applicable insurance statutes of the State of Kansas and that, as a result, Pacific's declination of coverage was improper.  Both of Plaintiff's arguments are meritless.

**1.      There Is No Coverage for the Subject Claim Under the Pacific Policy.**

In asserting that coverage exists "anywhere in the world" under the Pacific Policy, Plaintiff fails to reveal to this Court the complete sentence of the excess liability coverage part of the Pacific Policy.  Specifically, that complete line reads as follows:

> This part of your Masterpiece Policy provides you with liability coverage in excess of your underlying insurance and any where in the world <u>unless</u> stated otherwise <u>or an exclusion applies</u>.

Masterpiece Policy, excess liability coverage, page W-1 (emphasis supplied.)  Both in the Complaint and in Plaintiff's Opposition to Pacific's Motion to Dismiss, Plaintiff repeatedly and clearly states as follows:

> Because of his employment, Mr. Resnick traveled to Brazil nine to ten times per year for trips ranging between one and two weeks in duration.

<u>See</u> <u>e.g.</u>, Plaintiff's Opposition to Defendant Pacific's Motion to Dismiss, p.17; Complaint p.8. It was in the course of one of these business trips that the Plaintiff was injured.  <u>Id</u>.  The excess liability coverage part of the Pacific Policy provides a Business Pursuits exclusion as follows:

> We do not cover any damages arising out of a covered person's business pursuits ... except on a follow form basis.

Masterpiece Policy, at EW-6.[2]

Of course, that means that the damages allegedly sustained by the Plaintiff during one of his business trips is excluded from coverage under the Pacific Policy, unless such loss is

covered by the primary policy. Plaintiff now concedes there is no coverage under the primary policy. Thus, there is no coverage for the subject claim under the Pacific Policy.

**2.     The Pacific Policy Does Not Violate the Law of Kansas.**

Plaintiff erroneously argues that K.S.A. 40-284(a) requires that all automobile liability insurance policies offer uninsured motorist coverage with limits equal to that of the coverage provided for in the liability policy, including umbrella and excess policies. In making this argument, Plaintiff relies upon the Kansas Supreme Court's holding in Bartee v. Kansas Fire & Casualty Co., 245 Kan. 499, 509-510, 781 P.2d 1084, 1091 (Ka. 1989), wherein the Court held that K.S.A. 40-284(a) requires that excess and umbrella policies provide UM-UIM benefits that have the same limits as the liability limits. What Plaintiff fails to reveal to this Court, however, is that after Bartee was decided, the Kansas legislature amended K.S.A. 40-284(a) to specifically exclude excess and umbrella policies from its scope. The statute currently reads, in pertinent part:

> No insurer shall be required to offer, provide or make available coverage conforming to this section *in connection with any excess policy, umbrella policy or other policy which does not provide primary motor vehicle insurance* for liabilities arising out of the ownership, maintenance, operation or use of a specifically insured motor vehicle.

K.S.A. 40-284(a) (emphasis supplied); see also Kromer v. Reliance Ins. Co., 450 Pa. Super. 631, 646, 677 A.2d 1224, 1231, n.4 (noting that, after Bartee, the Kansas legislature amended the uninsured motorist statute for the sole purpose of excluding umbrella policies). Accordingly, Bartee has been superceded by the amendment to K.S.A. 40-284, and the territorial limitation contained in the UM-UIM coverage part of the Pacific Policy does not violate Kansas law.

---

[2] This coverage part of the Policy also provides a Professional Services exclusion which excludes from coverage any damages for any covered person's performing or failure to perform professional services. See EW-7.

Thus, whether pursuant to the provisions of the UM/UIM follow form coverage or pursuant to the Business Pursuits exclusion contained in the Pacific Policy, there is no coverage for the alleged injuries of Plaintiff under that Policy.  For the above reasons, and the reasons set forth in Pacific's memorandum in support of its Motion to Dismiss, the injuries sustained by Mr. Resnick while in an automobile accident in Brazil are not covered under the Pacific Policy. Pacific, accordingly, respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

/Craig Russell Blackman/
Craig R. Blackman, Esquire
Thomas W. Dymek, Esquire
STRADLEY RONON STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
(215) 564-8000
Attorneys For Defendant
Pacific Indemnity Company

## **CERTIFICATE OF SERVICE**

I, Craig Russell Blackman, Esquire, hereby certify that on this __18th___ day of September, 2002, a true and correct copy of the foregoing was served, via U.S. first-class mail, postage prepaid, upon the following:

>David E. Jokelson, Esquire
>Neil E. Jokelson & Associates, P.C.
>18th Floor
>230 South Broad Street
>Philadelphia, PA  19102

>_____/Craig Russell Blackman_____
>Craig Russell Blackman

Doc. #614072v.1