**IN THE U.S. DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | |
|---|---|
| JOEL RESNICK, | : CIVIL ACTION NO. 02-CV-04729-HB |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CHUBB CORPORATION, | : |
| | : |
| and | : |
| | : |
| PACIFIC INDEMNITY INSURANCE | : |
| CO., INC., | : |
| | : |
| and | : |
| | : |
| FEDERAL INSURANCE COMPANY, | : |
| | : |
| Defendants. | : |
| | : |

_____

**REPLY MEMORANDUM OF THE CHUBB CORPORATION**
**IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff's concession that it has no claim against Federal Insurance Company and no claim against any Defendant for breach of fiduciary duty, see Plaintiff's Opposition to Motion to Dismiss of Federal and Pacific, simplifies the claim before this Court. The Plaintiff has a breach of contract claim for which it seeks declaratory relief. A fundamental element of a breach of contract claim is a contract between the parties. Electron Energy Corp. v. Short, 408 Pa. Super. 563, 571, 597 A.2d 175, 178 (1991) (holding that corporate president cannot be liable for breach of contract where he is not a party to the contract); see also, Fleetway Leasing Co. v. Wright, 697 A.2d 1000, 1003 (Pa.Super.Ct.1997)(same).

There is simply no contract between The Chubb Corporation ("Chubb") and the Plaintiff, nor is one alleged to exist in the Complaint.  On that basis alone, Chubb is entitled to be dismissed from this action.  The contract in dispute is a policy of insurance the face of which reveals that it was issued by Pacific Indemnity Company.[1]  This contract dispute is rightfully between Pacific Indemnity Company and the Plaintiff.

Finally, while Plaintiff in its opposition to Chubb's Motion urges the Court to consider an alter-ego theory, and relies upon a Court decision which expressly ruled on that basis, there are neither any allegations of alter-ego status in the Plaintiff's Complaint nor are the required elements for an alter-ego claim pursuant to Pennsylvania law set forth therein.  The general standard for piercing the corporate veil under an alter ego theory is "when the court must prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime."  Zubik v. Zubik, 384 F.2d 267, 272 (3d Cir.1967), cert. denied, 390 U.S. 988 (1968).

Here, Plaintiff does not set forth any allegations that would compel this court to pierce the corporate veil and treat Chubb as the "alter ego" of Pacific in order to make Chubb liable for Pacific's purported breach.  It does not allege fraud, injustice, illegality or that recognition of the corporate entity would defeat public policy or shield someone else from a crime.  Accordingly, this Court should sustain Chubb's motion to dismiss for failure to state a claim upon which relief may be granted.[2]

---

[1] Given the Plaintiff's concession that it has no claim against Federal Insurance Company, this reply brief will not address the Complaint's claims in that regard.

[2] And for the reasons set forth in Pacific's Reply brief, incorporated herein by reference, Chubb requests that that dismissal be granted with prejudice.

Doc. #614048v.1

Accordingly, for all the foregoing reasons and the reasons set forth in The Chubb

Corporation's Motion to Dismiss and Supporting Memoranda, The Chubb Corporation is entitled

to be dismissed from this case with prejudice.

Respectfully submitted,

/Craig Russell Blackman
Craig R. Blackman, Esquire
Thomas W. Dymek, Esquire
STRADLEY RONON STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
(215) 564-8000
Attorneys For Defendant
The Chubb Corporation

Doc. #614048v.1

## <u>CERTIFICATE OF SERVICE</u>

I, Craig Russell Blackman, Esquire, hereby certify that on this __18th__ day of

September, 2002, a true and correct copy of the foregoing was served, via U.S. first-class mail,

postage prepaid, upon the following:

David E. Jokelson, Esquire
Neil E. Jokelson & Associates, P.C.
18th Floor
230 South Broad Street
Philadelphia, PA  19102

<u>        /Craig Russell Blackman        </u>
Craig Russell Blackman