```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOEL RESNICK                     :        CIVIL ACTION
                                 :
         v.                      :
                                 :
CHUBB CORPORATION, et al.        :        NO. 02-4729
```

MEMORANDUM

Bartle, J.                                          October   , 2002

      Plaintiff Joel Resnick has brought this diversity action for breach of contract, breach of fiduciary duty[1] and declaratory relief against Chubb Corporation ("Chubb"), Pacific Indemnity Insurance Company, Inc. ("Pacific") and Federal Insurance Company ("Federal").  Both Pacific and Federal are wholly-owned subsidiaries of Chubb.  In his complaint, plaintiff maintains that he is entitled to coverage from defendants under the uninsured motorist provisions of two insurance policies. Before the court are the motions of Chubb, Pacific and Federal to dismiss the complaint for failure to state a claim upon which relief can be granted.

      For purposes of defendants' motions to dismiss, we accept as true the well-pleaded factual allegations in the complaint and draw in plaintiff's favor any reasonable inferences therefrom.  See Hishon v. King & Spalding, 467 U.S. 69, 73

---

1. In his response to defendants' motions to dismiss, plaintiff has conceded that the court should dismiss his breach of fiduciary duty claim as to all defendants.

(1984); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1391 (3d Cir. 1994). Of course, we need not accept bald assertions or legal conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). In addition to reviewing the complaint's allegations, we may also take into consideration the insurance policies at issue. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 n.6 (3d Cir. 2000); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

I.

Plaintiff and his wife had two insurance policies, one issued by Federal and entitled the Masterpiece Auto Preference Policy (No. 111409930-02) and the other issued by Pacific and entitled the Masterpiece Excess Liability Policy (No. 111409930-01). At all relevant times plaintiff was a citizen of the state of Kansas.

On January 18, 2000, while both policies were in effect, plaintiff sustained injuries as a passenger in a taxi cab while riding from the airport in Brasilia, Brazil. Plaintiff alleges that the taxi driver drove the car into a pole after suffering an epileptic seizure. According to his complaint, plaintiff was in Brazil on business at the time. Plaintiff maintains that upon information and belief, the driver of the cab was uninsured.

After the accident, plaintiff sought uninsured motorist benefits under both the Federal auto and Pacific excess policies.

On April 2, 2002, in a letter from the Chubb Group of Insurance Companies, Federal and Pacific denied plaintiff's claim for benefits. The letter denying uninsured motorist benefits quoted the language of the Federal auto policy which states that "[t]his coverage applies to a loss occurring anywhere in the United States of America, its territories or possessions, Puerto Rico or Canada." In response to defendants' motions to dismiss, plaintiff concedes that he is not entitled to any benefits under the Federal auto policy.

The Pacific excess policy provides uninsured motorist coverage:

> for bodily injury a covered person is legally entitled to receive from the owner or operator of an uninsured or underinsured motorized land vehicle. We cover these damages in excess of the underlying insurance[2] or the Required Primary Underlying Insurance, whichever is greater, if they are caused by an occurrence during the policy period, unless otherwise stated.
> . . .
> This coverage will follow form.

The policy defines "follow form" to mean:

> We cover damages to the extent they are both covered under the Required Primary Underlying Insurance and, not excluded under this part of your Masterpiece Policy .... When no primary underlying coverage exists, the extent of coverage provided on a follow form basis will be determined as if the required primary underlying insurance had been purchased from us.

---

2. The Pacific excess policy defines "underlying insurance" to include "all liability coverage other than this part of your policy that applies to the covered damages, except for other insurance purchased in excess of this policy."

The Pacific excess policy also contains an exclusion for business pursuits, which states, "[w]e do not cover any damages arising out of a covered person's business pursuits ... except on a follow form basis."

## II.

As a threshold matter, we must determine whether Pennsylvania or Kansas law applies to the plaintiff's claims. In a diversity action such as this one, we apply the choice of law rules of the forum state, in this case Pennsylvania, in determining which state's substantive law will be applied. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Shuder v. McDonald's Corp., 859 F.2d 266, 269 (3d Cir. 1988). Under Pennsylvania law, we must determine whether any conflict between the laws of the relevant states is a false conflict. See LeJeune v. Bliss-Salem, Inc., 85 F.3d 1069, 1071 (3d Cir. 1996); Cipolla v. Shaposka, 267 A.2d 854, 855-56 (Pa. 1970). If the conflict is real, we proceed to determine which forum has the greater interest, considering the qualitative contacts of the states, the parties and the controversy. See LeJeune, 85 F.3d at 1071; Cipolla, 267 A.2d at 856. Pennsylvania law requires us to apply the law of the state having the most significant relationship with the parties and the incident. Compagnie des Bauxites de Guinee v. Argonaut-Midwest Ins. Co., 880 F.2d 685, 688-89 (3d Cir. 1989). Before beginning any conflicts of law analyses, however, we must first determine whether there is any conflict between the laws of the two jurisdictions.

Under both Pennsylvania and Kansas law, where the wording of an insurance policy is clear and unambiguous, the court will enforce that wording. Medical Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (citing Standard Venetian Blind Co. v. Am. Empire Ins. Co., 469 A.2d 563, 566 (Pa. 1983)); Liggatt v. Employers Mut. Cas. Co., 46 P.3d 1120, 1127 (Kan. 2002). Therefore, there is no conflict.

The follow form portion of the Pacific excess policy is clear and unambiguous. It states that, "[w]e cover damages to the extent they are both covered under the Required Primary Underlying Insurance and, not excluded under this part of your Masterpiece Policy." Under the plain language of the Pacific excess policy, coverage does not exist unless: (1) there is coverage under the required primary underlying insurance; and (2) there is no specific exclusion under the Pacific excess policy.

Defendants maintain that the business pursuits exclusion under the Pacific excess policy bars coverage. We disagree. The exclusion for business pursuits precludes coverage of an insured when that insured is sued for actions taken within the scope of his or her employment. See Sun Alliance Ins. Co. of Puerto Rico v. Soto, 836 F.2d 834, 836 (3d Cir. 1988); AMCO Ins. Co. v. Beck, 929 P.2d 162, 166 (Kan. 1996). Here plaintiff is not the defendant, he is the plaintiff. He is not seeking coverage in order to defend himself in litigation brought against him due to some negligent or intentional action he took while

engaging in business or work.  Rather he is seeking uninsured motorist benefits for injuries he sustained as a passenger in a car accident which happened to occur while he was in Brazil for work.  Therefore, we find that defendants' argument in this regard to be without merit.

Defendants next argue that there is no coverage under the Pacific excess policy because no coverage exists under the underlying Federal auto policy due to the fact that the accident occurred in Brazil.  As noted above, plaintiff concedes that no coverage exists under the Federal auto policy.  Nonetheless, plaintiff maintains we should look to the last sentence in the follow form definition of the Pacific excess policy.  That portion of the policy provides that "[w]hen no primary underlying coverage exists, the extent of coverage provided on a follow form basis will be determined as if the required primary underlying insurance had been purchased from us."  This simply means that if underlying insurance was purchased from a company other than a Chubb subsidiary, and contained no coverage, the excess insurer would look to the underlying coverage that the insured would have had under a policy written by a Chubb subsidiary.  If a Chubb subsidiary such as Federal would have provided underlying coverage, then there would be excess coverage by the Chubb excess carrier even though the non-Chubb underlying policy did not provide coverage.  This provision is not applicable here since plaintiff had a Federal policy which did not provide for underlying coverage.

-6-

Plaintiff also contends that Kansas public policy requires the Pacific excess policy to provide him with uninsured motorist coverage of his car accident in Brazil. We reject this attempt by plaintiff to transform his Pacific excess policy into primary rather than umbrella insurance. If we were to accept plaintiff's argument, we would be ignoring the follow form provision of the Pacific excess policy and thus disregarding a basic canon of contract interpretation. Our Court of Appeals has made clear that, "[a] contract is to be considered as a whole, and, if possible, all of its provisions should be given effect." Capitol Bus Co. v. Blue Bird Coach Lines, Inc., 478 F.2d 556, 560 (3d Cir. 1973); see also Kay v. Thrift & Profit Sharing Plan for Employees of Boyertown Casket Co., 780 F. Supp. 1447, 1455 (E.D. Pa. 1991). Kansas law also requires us to "look to the contract as a whole." Desbien v. Penokee Farmers Union Coop. Ass'n, 552 P.2d 917, 923 (Kan. 1976); see also United States ex rel. Concrete Specialists of Omaha, Inc. v. Lovering-Johnson, Inc., No. 98-1390-JTM, 2001 WL 584351, at *6 (D. Kan. May 22, 2001).

Accordingly, we will grant the motion of defendants Federal Insurance Company and Pacific Indemnity Insurance Company, Inc. to dismiss plaintiff's claims against them for breach of contract, breach of fiduciary duty and declaratory relief.

### III.

Plaintiff has also named Chubb in his complaint. He alleges that Federal and Pacific are both wholly-owned

subsidiaries of Chubb.  Plaintiff further maintains that all three defendants have joint operations in which they administer their insurance claims collectively.  Even if Chubb were a proper defendant, plaintiff has failed to state a claim against it.  Plaintiff has conceded that the court should dismiss his claims against Federal, and we have determined that the unambiguous terms of the Pacific excess policy preclude insurance coverage of his car accident in Brazil.  Therefore, plaintiff's claim against Chubb as the owner and alleged operator of Federal and Pacific fails as well.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOEL RESNICK                    :        CIVIL ACTION
                                :
         v.                     :
                                :
CHUBB CORPORATION, et al.       :        NO. 02-4729
```

ORDER

AND NOW, this      day of October, 2002, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motions of defendants Chubb Corporation, Pacific Indemnity Insurance Company, Inc. and Federal Insurance Company to dismiss plaintiff's complaint are GRANTED.

BY THE COURT:

_____
                                                            J.